ORIGINAL

08 CIV. 4498

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

RODOLFO MENDOZA, MARIA S. SAMIEGO DE
MENDOZA, ERASMO LOPEZ, JESUS LOPEZ

    Plaintiffs,

– against –

G & M FOODS, INC. (AKA GM FOODS, INC; GM
FOODS) d/b/a THE WATERFRONT BAR &
GRILLE (aka The Waterfront Bar & Grill; The
Waterfront Grille), GERALD J. LONGI, MICHAEL
LONGI

    Defendants.

COMPLAINT

CV:



JUDGE ROBINSON

## PRELIMINARY STATEMENT

1. This is an action to obtain from Defendants unpaid wages, overtime premiums and other compensation owed to Plaintiffs.

2. Plaintiffs are a group of employees who worked for Defendants at restaurants in Westchester County, New York.

3. Plaintiffs regularly worked well over 40 hours – sometimes working well over 70 hours in a single work week – but were not paid overtime for their work.

4. The spread of hours from the start to the finish of Plaintiffs' work days often exceeded ten hours, yet Defendants failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when Plaintiffs' spread of hours exceeded ten hours.

5. Defendants failed to pay Plaintiffs for some hours worked; in some of these instances Defendants falsely assured Plaintiffs that they would be paid "later" when the business could better afford it, but subsequently failed to make payment.

6. Accordingly, this case is an action to remedy the failure of Defendants to pay Plaintiffs' minimum wages and overtime premiums as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, and its implementing regulations.

7. This case is also an action to remedy Defendants' failure to pay Plaintiffs' unpaid wages and overtime premiums as required by Article 19 of New York State Labor Law and its implementing regulations.

8. This case is also an action to recover monies owed to Plaintiffs under New York common law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337. Jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) as the Plaintiffs' state law claims involve the same case or controversy as Plaintiffs' federal claims.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b). A substantial part of the events and occurrences underlying this litigation, including many of the unlawful employment practices described in this Complaint, were committed within this District.

11. Defendants reside and/or do business in this District.

## PARTIES

12. At all relevant times, Plaintiffs were employed by Defendants and resided in Westchester County, New York.

13. Defendant G & M FOODS, INC. is a New York corporation which has its principal place of business in Westchester County, New York.

14. Defendant Gerald J. Longi is an individual residing in Westchester, New York.

15. Gerald J. Longi was at all relevant times an owner, principal, officer, and/or manager of Defendant G& M Foods, Inc.

16. Gerald J. Longi exercised control over the work performed by Plaintiffs.

17. Gerald J. Longi had the power to establish, and did establish, the terms of employment for Plaintiffs.

18. Gerald J. Longi determined the salary to be paid to Plaintiffs.

19. Gerald J. Longi had the power to hire and fire Plaintiffs.

20. Gerald J. Longi exercised operational control over significant aspects of the day-to-day functions of the Defendants' restaurants, including but not limited to the restaurant d/b/a The Waterfront Bar & Grille (aka The Waterfront Bar & Grill; The Waterfront Grille)(hereafter "WBG").

21. Gerald J. Longi actively managed, supervised, and directed the business and operations of the Defendants' restaurants, including but not limited to the restaurant d/b/a WBG

22. Defendant Michael Longi is an individual residing in Westchester, New York.

23. Michael Longi was at all relevant times an owner, principal, officer, and/or manager of Defendant G& M Foods, Inc.

24. Michael Longi exercised control over the work performed by Plaintiffs.

25. Michael Longi had the power to establish, and did establish, the terms of employment for Plaintiffs.

26. Michael Longi determined the salary to be paid to Plaintiffs.

27. Michael Longi had the power to hire and fire Plaintiffs.

28. Michael Longi exercised operational control over significant aspects of the day-to-day functions of the Defendants' restaurants, including but not limited to the restaurant d/b/a WBG.

29. Michael Longi actively managed, supervised, and directed the business and operations of the Defendants' restaurants, including but not limited to the restaurant d/b/a WBG.

30. At all times relevant to this action, Defendants were "employers" of Plaintiffs within the meaning of the FLSA and New York Labor Law.

31. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA and New York Labor Law.

32. At all times relevant to this action, Defendants "employed" Plaintiffs within the meaning of the FLSA and New York Labor Law.

33. At all times relevant to this action, Plaintiffs were manual workers within the meaning of New York Labor Law § 190.

## STATEMENT OF FACTS

34. Defendants are in the business of owning and operating restaurants in the New York metropolitan area.

35. Defendants operated WBG, located at 42 Weschester Ave., Port Chester, New York, from approximately spring of 2006 through fall of 2007.

36. Plaintiff Maria S. Samiego de Mendoza began working for Defendants at WBG in approximately April, 2006 and stopped working for Defendants on or about September 17, 2007.

37. Plaintiff Erasmo Lopez began working for Defendants at WBG in approximately early June 2006 and stopped working for Defendants on or about September 17, 2007.

38. Plaintiff Jesus Lopez began working for Defendants at WBG in approximately early October, 2006 and stopped working for Defendants on or about September 17, 2007.

39. Plaintiff Rudolfo Mendoza began working for Defendants on or about May 2003 and stopped working for Defendant on or about September 17, 2007.

40. Mr. Mendoza worked for Defendants at Longi's Pizza & Pasta in Cortland Manor, New York from approximately May, 2003 through approximately July 11, 2005.

41. Mr. Mendoza resumed working for Defendants at WBG in Port Chester in approximately April, 2006 and stopped working for Defendants on or about September 17, 2008.

42. The work of Plaintiffs included food preparation and cleaning, as well as a wide variety of "odd jobs" and assorted manual labor.

43. Plaintiffs often worked more than forty hours per week.

44. Plaintiffs were regularly not paid overtime at a rate of time and one-half of their regular hourly wages during the work weeks in which they worked more than forty hours.

45. Defendants regularly failed to post required posters informing Plaintiffs of their rights under state and federal employment laws.

46. The spread of hours from the start to the finish of Plaintiffs' work days often exceeded ten hours.

47. Defendants failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when Plaintiffs' spread of hours exceeded ten hours.

48. On one or more occasions, Defendants failed to pay Plaintiffs at all or paid them for fewer hours than they worked. In some of these instances, Defendants falsely promised that Plaintiffs would be paid "later" when the business could better afford it.

49. Defendants' failure to pay as required by the FLSA and New York Labor Law was willful.

50. During the course of their employment, the Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

51. All employees of Defendants are engaged in an industry affecting interstate commerce.

52. Defendants operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

53. Defendants undertook all of the actions and omissions alleged above either directly or through their agents who were authorized to undertake such actions and omissions.

54. On April 11, 2008, counsel for Plaintiff sent a letter by certified mail, return receipt requested to Defendants outlining Plaintiffs' claims and requesting that Defendants to contact Plaintiffs' counsel to explore an out-of-court settlement of the dispute between the parties. As of the time of filing, Defendants have not responded.

## CAUSES OF ACTION

### I. Fair Labor Standards Act

55. The Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

56. During Plaintiffs' employment, Defendants willfully failed to pay minimum wage and overtime premiums to Plaintiffs. This failure violates the Fair Labor Standards Act, 29 U.S.C. §207 *et seq.* and its implementing regulations.

57. Defendants also violated the FLSA by failing to keep records as required by statute, 29 U.S.C. § 211(c).

58. The Plaintiffs are entitled to their unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

59. The Plaintiffs are also entitled to attorneys fees and costs of Court, pursuant to 29 U.S.C. § 216(b).

**II.    New York Labor Law**

60. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

61. Defendants failed to pay minimum wage and overtime premiums to Plaintiffs in violation of New York Labor Law Article 19 and its implementing regulations, 12 NYCRR §142-2.2, *et seq.*

62. Defendants failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances for every day when Plaintiffs' work days from start to finish were longer than ten hours. Defendants' failure to pay Plaintiffs for this extra hour violates New York Labor Law §§ 160 *et seq.* and §§ 190 *et seq.* and New York State Department of Labor regulations, including N.Y.C.R.R. § 142-2.4.

63. Defendants' failure to pay Plaintiffs the required wages as set forth in the paragraphs above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

64. Plaintiffs are entitled to the unpaid wages mandated by New York Labor Law, plus an additional 25 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

65. Plaintiffs also seek, and are entitled to, attorneys fees and costs incurred by their counsel.

### III. Unjust Enrichment

66. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

67. By their actions, stated above, Defendants were unjustly enriched by services performed by Plaintiffs for Defendants.

68. The circumstances between Plaintiffs and the Defendants are such that equity and good conscience require Defendants to make restitution.

69. Plaintiffs have therefore been damaged by Defendants in an amount to be determined at trial.

### IV. Quantum Meruit

70. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

71. By their actions, stated above, Defendants wrongfully failed to pay Plaintiffs the reasonable value of the services performed by them for Defendants.

72. Plaintiffs have therefore been damaged in an amount to be determined at trial.

### V. New York Contract Law

73. Plaintiffs reallage and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth fully here.

74. Plaintiffs performed work for Defendants based on a promise of hourly wages. Defendants failed to pay these hourly wages. By failing to comply with the terms and conditions of employment promised to Plaintiffs, Defendants violated their employment contracts entered into with Plaintiffs.

75. As a result of the Defendants' violations of these employment contracts, Plaintiffs suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs request that this Court enter an Order:

    a. Assuming jurisdiction over this action;

    b. Declaring that Defendants violated the Fair Labor Standards Act and New York Labor Law;

    c. Permanently enjoining Defendants from further violations of the FLSA and New York Labor Law;

    d. Granting judgment to Plaintiffs on their FLSA claims and awarding each of the Plaintiffs his or her unpaid overtime and other wages and an equal amount in liquidated damages;

    e. Granting judgment to Plaintiffs on their New York Labor Law claims and awarding each of the Plaintiffs his or her unpaid overtime and other wages as well as liquidated damages provided for by statute;

    f. Granting judgment in favor of Plaintiffs on their unjust enrichment and quantum meruit claims and awarding each Plaintiff damages in an amount to be determined at trial;

    g.    Granting judgment in favor of Plaintiffs on their breach of contract claims and awarding each of the Plaintiffs damages in an amount to be determined at trial.

    h.    Awarding Plaintiffs prejudgment and postjudgment interest as allowed by law;

    i.    Awarding the Plaintiffs their costs and reasonable attorneys' fees; and

    j.    Granting such further relief as the Court finds just and equitable.

Dated:    White Plains, New York
            May 14, 2006

Respectfully Submitted,

SCHLANGER & SCHLANGER, LLP

By: _____
Daniel A. Schlanger (ds-9530)
daniel@schlangerlegal.com
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Tel: (914) 946-1981
Fax: (914) 946-2930

AND    WORKERS' RIGHTS LAW CENTER OF NEW YORK, INC.

Patricia C. Kakalec (PK-8452)
tkakalec@wnylc.com
101 Hurley Street, Suite 5
Kingston, NY 12401
Tel: (845) 331-6615
Fax: (845) 331-6617

Attorneys for Plaintiffs